IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD FISHER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-5478 |
| | : | |
| THOMAS MCGINLEY,[1] et al. | : | |

## ORDER

AND NOW, this 29th day of November, 2016, upon careful consideration of Petitioner Richard Fisher's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and after independent review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey and Fisher's objections thereto, it is ORDERED:

1.  Fisher's objections (Document 32) are OVERRULED[2];

---

[1] Since Fisher filed his habeas petition, Thomas McGinley has become the Superintendent of SCI Coal Township, the state correctional institution where Fisher is incarcerated. McGinley is therefore substituted for Vincent Mooney, the former Superintendent of SCI Coal Township, as the lead Respondent in this case. *See* Fed. R. Civ. P. 25(d).

[2] Fisher seeks relief pursuant to 28 U.S.C. § 2254 from a 2010 state-court drug conviction, asserting claims of ineffective assistance of counsel, and challenging the trial court's imposition of a mandatory minimum sentence and evidentiary rulings. Fisher also asks this Court to stay the instant federal habeas petition and hold the petition in abeyance pending the Pennsylvania courts' disposition of a second Post Conviction Relief Act (PCRA) petition he filed in state court after filing his federal habeas petition. On March 9, 2016, United States Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation recommending that Fisher's habeas petition be dismissed as time-barred and that his motion to stay be denied. Fisher objects to the Magistrate Judge's analysis of both issues.

As to timeliness, this Court agrees with the Magistrate Judge that, unless equitably tolled, the one-year limitations period for filing a federal habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) expired in this case in May 2014, four months before Fisher filed the instant habeas petition in September 2014. Fisher was convicted in state court on January 21, 2010, and was sentenced on June 10, 2010. Because he did not file a direct appeal or a post-sentence motion, his conviction became final—and the AEDPA limitations period began to run—when the 30-day period in which to file a notice of appeal expired on July 12, 2010. *See* 28 U.S.C. § 2244(d)(1)(A); Pa. R. App. P. 903(c)(3). As the Magistrate Judge noted, none of the alternative start dates for the running of the AEDPA limitations period applies in this case. Fisher has not identified any state-created impediment to his federal filing, and his claims do not rely on newly discovered evidence. *See id.* § 2244(d)(1)(B), (D). While Fisher

does assert a claim based on a recent Supreme Court case, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), that case has not been "made retroactively applicable to cases on collateral review," as required to trigger the alternative start date in § 2244(d)(1)(C). *See United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2013) (holding the new rule of criminal procedure announced in *Alleyne* "does not apply retroactively to cases on collateral review").  The limitations period continued to run until Fisher filed his first PCRA petition on December 17, 2010, by which time 158 days had elapsed.  Although the filing of the PCRA petition tolled the limitations period while the petition was pending, *see* 28 U.S.C. § 2244(d)(2), the one-year period resumed running on October 10, 2013, when the Pennsylvania Supreme Court denied Fisher's petition for allowance of appeal.  The limitations period expired 207 days later, on May 5, 2014, approximately four months before the instant habeas petition was deemed filed on September 16, 2014.

      Fisher does not challenge the Magistrate Judge's calculation of the running of the limitations period, but instead argues the Magistrate Judge erred in rejecting his claim for equitable tolling.  He also argues his late filing, a procedural error, should be excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because his PCRA counsel was ineffective.  Both objections lack merit.

      The AEDPA's one-year limitations period may be equitably tolled if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Taylor*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In his objections, Fisher renews the same equitable tolling arguments he made to the Magistrate Judge, asserting equitable tolling is warranted here because (1) his post-trial counsel filed a PCRA petition rather than a direct appeal and then essentially abandoned him during the appeal process; (2) he was prevented in some extraordinary way from asserting his rights because Pennsylvania law does not allow a represented litigant to make pro se filings; and (3) he was diligent during the pendency of his PCRA appeal.  The Magistrate Judge considered and rejected each of these arguments.  This Court likewise rejects Fisher's arguments for substantially the same reasons articulated by the Magistrate Judge.

      Even assuming Fisher's counsel was ineffective for forgoing a direct appeal and instead filing a PCRA petition, Fisher has not shown how this error prevented him from timely filing a federal habeas petition.  *See Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013) (requiring "a causal connection, or nexus, between the extraordinary circumstances [the petitioner] faced and [his] failure to file a timely federal petition").  Although Fisher asserts counsel represented, first, that he would pursue a direct appeal on Fisher's behalf and, later, that he would file a PCRA petition to reinstate Fisher's direct appeal rights, Fisher admittedly was aware no later than January 2011 that counsel had instead filed a PCRA petition raising ineffective assistance of counsel claims.  *See* Pet. Ex. C (Fisher Affidavit describing a January 25, 2011, PCRA evidentiary hearing at which counsel declined to pursue reinstatement of Fisher's appellate rights and instead raised ineffective assistance of counsel claims).  Fisher maintains counsel's strategy deprived him of the opportunity to file a timely federal habeas petition because, as an indigent defendant formerly represented by counsel, he had "no clue" about the federal limitations period, and because he could not file a federal habeas petition without first exhausting his ineffective assistance claims against his post-trial/PCRA counsel.  When the Pennsylvania Supreme Court denied Fisher's petition for allowance of appeal, there were 207 days—almost seven months—

remaining in the one-year limitations period.  Insofar as Fisher argues he required more time "to discover the exigencies of habeas corpus," *see* Pet'r's Objs. 6, this objection lacks merit because a prisoner's "lack of legal knowledge or legal training does not alone justify equitable tolling," *Ross*, 712 F.3d at 800.  Fisher's concern about the need to first exhaust his federal claims in state court also does not provide a basis for equitable tolling, as Fisher could have resolved this "procedural conundrum" by "filing a protective petition in federal court and asking the federal court to stay and abey the federal habeas proceeding until state remedies are exhausted," a course Fisher belatedly seeks to pursue in this case.  *See Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (quoting *Pace*, 544 U.S. at 416) (internal quotation marks omitted).  Nor has Fisher shown how the state court prohibition on pro se filings by represented parties prevented him from filing a pro se habeas petition in federal court.

Fisher also alleges he was abandoned by his PCRA counsel, a circumstance that can, in some instances, constitute the kind of "extraordinary circumstance" necessary for equitable tolling.  *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013) ("One potentially extraordinary circumstance [for equitable tolling purposes] is where a prisoner is 'effectively abandoned' by his attorney." (quoting *Holland*, 560 U.S. at 651)).  Although the Pennsylvania Superior Court denied Fisher's PCRA appeal in July 2012, *see* Pet., Ex. A, it appears his counsel did not file a petition for allowance of appeal in the Pennsylvania Supreme Court until June 28, 2013, after Fisher sought the Supreme Court's intervention, *see Commonwealth v. Fisher*, No. 17 EM 2013 (Pa. S. Ct.), Docket 3 (pro se application filed by Fisher on January 7, 2013, culminating in a May 29, 2013, Order directing Fisher's counsel to file a petition for allowance of appeal within 30 days), available at https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=17+EM+2013 (last visited Nov. 23, 2016); *Commonwealth v. Fisher*, No. 333 EAL 2013 (Pa. S. Ct.), Docket 3 (reflecting the filing of a petition for allowance of appeal on June 28, 2013), available at https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=333+EAL+2013 (last visited Nov. 23, 2016).  Fisher contends he thereafter wrote to his counsel on three occasions in August and September 2013, asking counsel to keep him apprised of the status of the petition, but received no response to his inquiries.  *See* Pet'r's Traverse, Ex. A.  Fisher also contends that although the Pennsylvania Supreme Court denied his petition for allowance of appeal on October 10, 2013, counsel did not notify Fisher of the decision.  After writing to counsel on September 30, 2013, Fisher took no further action to ascertain the status of his petition until July 11, 2014, when he wrote to the Prothonotary of the Supreme Court and requested a current docket in the case.  *See id.*, Ex. B.  Upon receiving the docket on July 28, 2014, Fisher learned for the first time that his petition for allowance of appeal had been denied.  He thereafter filed the instant habeas petition on September 16, 2014.

It is questionable whether the foregoing allegations of abandonment are sufficient to satisfy the extraordinary circumstance prong of the equitable tolling inquiry.  In *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005), the Third Circuit Court of Appeals held an attorney's failure to timely notify his client of the Pennsylvania Supreme Court's disposition of his petition for allowance of appeal was the sort of attorney error that does not rise to the level of an extraordinary circumstance.  The allegations of attorney abandonment in this case differ somewhat from those in *LaCava* in that Fisher contends his counsel failed to respond to his inquiries about the status of his case in August and September 2013, in addition to failing to notify him of the Pennsylvania Supreme Court's ruling in October 2013.  But these allegations

3

still fall short of the abandonment found to constitute an extraordinary circumstance in other cases. *Cf. Holland*, 560 U.S. at 652 (suggesting an attorney's conduct might be an extraordinary circumstance where the attorney failed to file his client's federal habeas petition on time despite the client's many letters emphasizing the importance of doing so; failed to do the research necessary to find out the proper filing date despite his client's letters identifying the applicable legal rules; failed to inform his client in a timely manner about the state supreme court's decision in the case despite the client's many pleas for that information; and failed to communicate with his client over a period of years despite the client's pleas for a response to his letters); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001) (holding attorney abandonment "might constitute extraordinary circumstances to justify equitable tolling" where the petitioner alleged his counsel failed to inform him when the Pennsylvania Supreme Court denied review of his motion to withdraw his guilty plea, refused to remove herself as appointed counsel following the Supreme Court's decision, led the petitioner to believe she would file a federal habeas petition on his behalf, and told him there were no time constraints for doing so).

Even assuming Fisher's allegations are sufficient to satisfy the extraordinary circumstance prong, he must also show he has been pursuing his rights diligently. *See Ross*, 712 F.3d at 800 (holding attorney malfeasance may in some instances warrant equitable tolling "when combined with reasonable diligence on the part of the petitioner in pursuit of his rights"). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted). Diligence is assessed subjectively, "in light of the particular circumstances of the case." *Ross*, 712 F.3d at 799. The record reflects that Fisher exercised some diligence in this case as, after his petition for allowance of appeal was filed in June 2013, he made inquiries to his counsel about the status of the petition in August and September 2013. When counsel did not respond, however, Fisher took no further action to protect his rights for more than nine months, despite his expressed concern about counsel's prior failure to make a court filing and keep him apprised of his case, *see* Pet'r's Traverse Ex. A, and even though, as represented party, he "was not entitled to personal notice of the Pennsylvania Supreme Court's order," *LaCava*, 398 F.3d at 276 (citing Pa. R. App. P. 1123(a)). While Fisher eventually wrote to the Prothonotary about the status of the case, he offers no reason as to why he did not pursue this course sooner, given counsel's unresponsiveness. The lengthy period of inactivity following Fisher's unanswered inquiries to counsel stands in contrast to his prompt efforts to obtain court intervention when counsel failed to timely file a petition for allowance of appeal and distinguishes this case from others in which reasonable diligence warranting equitable tolling has been found. *Cf. Holland*, 560 U.S. at 653 (finding the petitioner acted with reasonable diligence where he "not only wrote his attorney numerous letters seeking crucial information and providing direction[,] [but] also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his counsel]—the central impediment to the pursuit of his legal remedy—removed from his case"); *Ross*, 712 F.3d at 802 (finding reasonable diligence where the petitioner "regularly and repeatedly . . . attempted to pursue his appeal through letters and phone calls to his attorney and to the courts" but was misled as to the status of his appeal by his attorney and by the trial court).

In addition to arguing his federal habeas petition should be deemed timely based on equitable tolling, Fisher also appears to contend his late filing, a procedural error, should be excused under *Martinez*. The Court disagrees. In *Martinez*, the United States Supreme Court held ineffective assistance of state collateral review counsel can in some instances constitute

2. The Report and Recommendation (Document 27) is APPROVED and ADOPTED;

3. Fisher's Petition for Writ of Habeas Corpus (Document 1) is DISMISSED as untimely;

4. Fisher's Application for Leave to Move for a Stay/Abeyance of Petitioner's Current Application for Writ of Habeas Corpus (Document 8) is DENIED;

---

cause to excuse a procedural default of a claim of ineffective assistance of trial counsel. *See* 132 S. Ct. at 1320. The issue in this case, in contrast, is not whether Fisher's ineffective assistance of counsel claims are procedurally defaulted, but whether those claims are timely. *Martinez* does not speak to this issue. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Stokes v. Dist. Att'y of Cty. of Phila.*, No. 98-5182, 2013 WL 331338, at *1 (E.D. Pa. Jan. 29, 2013) (recognizing *Martinez* "has no bearing on whether a habeas petition was timely filed"). Moreover, while Fisher contends that, but for his counsel's ineffectiveness at various stages of the proceedings, he "would have likely succeeded during his direct appeal stage or during his PCRA proceedings," Pet'r's Objs. 3, he provides no explanation as to how PCRA counsel's ineffectiveness prevented him from timely filing his federal habeas petition. Fisher's argument based on *Martinez* is thus unavailing.

 Finally, Fisher urges the Court to stay further proceedings in this case pending the disposition of his second PCRA petition, filed after the instant federal habeas petition was filed. In his second PCRA petition, Fisher sought relief from his mandatory minimum sentence pursuant to *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. Ct. 2014), in which the Superior Court invalidated a Pennsylvania mandatory minimum statute based on the United States Supreme Court's decision in *Alleyne*. At the time the Report and Recommendation was issued, the PCRA court had issued a notice of intention to dismiss the PCRA petition, but the petition remained pending. On April 1, 2016, however, the PCRA court dismissed the petition as untimely. *Commonwealth v. Fisher*, No. CP-51-CR-0010253-2008 (Pa. Ct. Com. Pl.), Docket 16, available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0010253-2008 (last visited Nov. 23, 2016). The dismissal appears to be final, as the docket does not reflect the filing of a notice of appeal. *See id.* Because the PCRA proceedings are now concluded, there is no reason to issue a stay in this case. Moreover, as the Magistrate Judge recognized, a stay could not help Fisher in any event as his federal habeas petition is still untimely and the new rule announced in *Alleyne* "is not retroactively applicable to cases on collateral review." *Reyes*, 755 F.3d at 212.

 For all of the foregoing reasons, Fisher's objections to the Report and Recommendation are overruled.

5.      Fisher having failed to show that jurists of reason would find it debatable whether his habeas petition was timely filed, a certificate of appealability shall not issue.

The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:


   /s/ Juan R. Sánchez   
Juan R. Sánchez, J.